**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BLEU FINSTER,

               Plaintiff,

vs.     Case No.  3:15-cv-1044-J-34MCR

U.S. BANK NATIONAL ASSOCIATION,

               Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte.  Plaintiff initiated the instant action on August 21, 2015, by filing a five-count Complaint and Jury Demand (Doc. 1; Complaint) against Defendant.  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.  See id.  Here, Counts Two, Three and Four of the five-count Complaint incorporate by reference all allegations of the preceding counts.  See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)). Accordingly, the Court will strike the Complaint and afford Plaintiff an opportunity to file an amended complaint in accordance with this Order.[1]

---

[1] The Court notes that Plaintiff alleges federal question jurisdiction under 28 U.S.C. § 1331 as the basis for this Court's jurisdiction over his claims arising under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and diversity jurisdiction pursuant to 28 U.S.C. § 1332 as to his state law claims. See Complaint ¶ 3. Because Plaintiff will be filing an amended complaint, the Court takes this opportunity to observe that Plaintiff fails to adequately allege his citizenship, and thus, has not properly invoked this Court's diversity jurisdiction. Specifically, Plaintiff alleges only where he resides, not his state of citizenship. See Complaint ¶ 1. To establish diversity over a natural person, a party must allege the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is
(continued...)

In light of the foregoing, it is **ORDERED**:

1. Plaintiff's Complaint and Jury Demand (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **September 14, 2015**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville Florida, this 28th day of August, 2015.

*[signature]*

**MARCIA MORALES HOWARD**
United States District Judge

---

[1](...continued)
determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). Thus, Plaintiff's allegations as to his residence is insufficient to establish his citizenship.

    In light of Plaintiff's failure to properly allege his state of citizenship, the Court is unable to determine whether it has diversity jurisdiction over the state law claims alleged in this action. However, because Plaintiff has also alleged a related claim under RESPA, the Court does appear to have supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367. As such, if Plaintiff intends to rely on diversity jurisdiction as the basis for this Court's jurisdiction over the state law claims, Plaintiff must correctly allege his citizenship in the amended complaint. Otherwise, the case will proceed on the Court's federal question and supplemental jurisdiction only.

lc11
Copies to:

Counsel of Record
Pro Se Parties